NEW JERSEY MISCELLANEOUS REPORTS. 605

Supreme Court—Mendel v. Women's Christian Temp. Union.

ISAAC G. MENDEL, PLAINTIFF, v. WOMEN'S CHRISTIAN TEMPERANCE UNION, A CORPORATION, DEFENDANT.

Decided November 19, 1923.

**Rental of Property—Renewal of Lease—Commissions Alleged Due.**

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *G. Rowland Munroe.*

For the appellee, ·

PER CURIAM.

This is an appeal from a judgment of the First District Court of Newark rendered in favor of the plaintiff below and against the defendant below, appellant here, for the sum of $117, in an action brought by the plaintiff against the appellant to recover commissions from it alleged to be due him as the result of a renewal of a certain lease originally made and given by appellant to one O. A. Von Buckow, trading as Newark Engraving and Etching Company, and which lease contained the following clause:

"The party of the first part (Women's Christian Temperance Union) agrees hereby to pay to Isaac G. Mendel five per cent. of the total amount of rental of any renewal or renewals of this lease."

The state of the case which was settled by the judge discloses that the first lease was made on June 25th, 1919, and given by appellant to Buckow, individually, as has already been stated; that in the month of July, 1920, Buckow caused his business to be incorporated in the name of "Newark Engraving and Etching Company," which company continued to occupy the premises, and pay the rent under the lease given

to Buckow; that near to the time of the expiration of the lease Buckow made application to the appellant for a renewal thereof, which resulted in a new lease being made for the same premises to the "Newark Engraving and Etching Company," signed by Buckow, president, and D. Grossman, secretary.

The new lease is for three years, and provides for a higher rent than under the first lease, and that the rent be paid monthly instead of quarterly as theretofore. It becomes obvious from a comparison between, and a consideration of, the original and renewal leases that all the changes which appear in the renewal one were more beneficial to the lessor. The appellant receives a higher rent for the same premises and which rent is payable monthly instead of quarterly. The fact that under the original lease Buckow was personally liable for the rent and for the proper performance of the covenants contained therein, while under the renewal he is not, is of no importance under the facts in this case, as it was Buckow who negotiated for the renewal and the appellant was apparently satisfied to accept the corporation with Buckow at its head as its lessee in place of Buckow individually. At least, the lessor made no objection to the change and by its acceptance acquiesced in it. Moreover, the very act of giving the lease to the corporation, organized as it was, at Buckow's request, was expressive of the appellant's intention to renew the lease for Buckow's benefit.

It is further argued on behalf of appellant that the stipulation contained in the original lease for the benefit of the plaintiff and sued upon by him was simply an interpolation in the lease between two other parties to which the broker (the plaintiff) was not a party, and that there was no valid consideration for the stipulation and therefore it is unenforceable.

This contention is without merit. See section 28 of Practice act. 3 *Comp. Stat.*, *p.* 4059; *Holt* v. *Insurance Co.*, 76 *N. J. L.* 585.

Judgment is affirmed, with costs.